IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SES AI CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BEI LAB CO., LTD.,<br><br>Defendant. | Civil Action No. 1:26-cv-15153 |

## COMPLAINT

Plaintiff SES AI Corporation ("SES AI" or "Plaintiff"), by its undersigned counsel, brings this action for patent infringement against Defendant BEI Lab Co., Ltd. ("BEI" or "Defendant") and alleges as follows. Allegations concerning Defendant's internal activities are made on information and belief.

## NATURE OF THE ACTION

1. This is an action for infringement of United States Patent Nos. 9,887,415 (the "'415 Patent") and 10,727,473 (the "'473 Patent") (collectively, the "Patents-in-Suit") under the patent laws of the United States, including 35 U.S.C. § 271.

2. For over a decade, SES AI, a company based in Woburn, Massachusetts, has spearheaded the research, development, and manufacturing of batteries that store more energy in smaller, safer, more efficient, and more cost-effective units than conventional cells. SES AI was founded by Qichao Hu, Ph.D., a graduate of the Massachusetts Institute of Technology and Harvard University. Dr. Hu's postdoctoral research on lithium-metal batteries in Lab 4-061 of Building 4 at MIT provided the foundation for SolidEnergy Systems, which was incorporated on

April 17, 2012, and later became SES AI. His work has earned recognition from MIT Technology Review, which named him one of its Innovators Under 35.

3. From its beginnings at MIT, SES AI expanded its research and development operations, establishing its global headquarters in Woburn, Massachusetts, and developing operations in Asia. Its Woburn facilities focus on chemistry, materials, and algorithm research and development, including the discovery of novel electrolyte molecules.

4. Today, SES AI develops and manufactures high-performance, lithium-metal and lithium-ion battery cells and systems, together with artificial intelligence enhanced software, with a current focus on battery cells for drones and other unmanned systems, energy storage systems and Molecular Universe, its enhanced materials discovery platform.

5. Among SES AI's core technologies is its line of "anode-free" batteries, which enhance energy density, safety, and efficiency by omitting a pre-installed anode material and instead allowing the active metal to electrochemically plate directly onto a bare current collector during the first charging cycle. The technology is particularly valuable for applications requiring extremely small, lightweight, and long-range energy sources.

6. Defendant BEI is a South Korean company founded in 2018 that manufactures batteries for drones, defense systems, and robotics. Beginning in 2026, BEI released a line of "GEN. 2" products that incorporate anode-free lithium metal technology. Among BEI's employees were former high-level employees of SES AI who were familiar with SES AI's intellectual property, including SES AI's patents.

7. The Patents-in-Suit cover various aspects of anode-free battery technology critical to the success of both SES AI's products and the infringing BEI products.

8. Plaintiff seeks a judgment of infringement, a permanent injunction against further infringement, damages adequate to compensate for infringement, including pre-judgment and post-judgment interest, attorneys' fees, recoverable costs, and such other relief as the Court deems just and proper, to the extent of Plaintiff's established rights.

9. The identification of claim 1 of each Patent-in-Suit is not intended to limit the asserted claims to those claims alone. Plaintiff reserves the right to identify additional infringed claims and accused products and to seek leave, where required, to amend this Complaint to assert additional patents, consistent with the Federal Rules of Civil Procedure, applicable local rules, and the Court's orders.

## THE PARTIES

10. Plaintiff SES AI Corporation is a Delaware corporation with its principal executive offices at 35 Cabot Road, Woburn, Massachusetts 01801. SES AI develops and manufacturers batteries, including anode-free lithium batteries, for sale in the United States.

11. SES AI holds an exclusive license to all substantial rights in the Patents-in-Suit.

12. On information and belief, Defendant BEI Lab Co., Ltd. is a company organized under the laws of the Republic of Korea, with business registration number 894-87-01860, that publicly identifies itself as "BEI Corp." and "BEI," meaning "Beyond Energy Innovation." BEI publicly identifies its headquarters and factory at 125, Sandan-ro 19 beon-gil, Danwon-gu, Ansan-si, Gyeonggi-do 15609, Republic of Korea, and its "Global Office (U.S.A)" at 40 Shattuck Road, Suite 115, Andover, Massachusetts 01810, United States of America.

## JURISDICTION AND VENUE

13. This action arises under the patent laws of the United States, 35 U.S.C. § 1 et seq. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

14. This Court has specific personal jurisdiction over BEI because, on information and belief, BEI purposefully conducts activities relating to the Accused Products in Massachusetts through its Massachusetts business presence and personnel as alleged below.

15. BEI publicly identifies 40 Shattuck Road, Suite 115, Andover, Massachusetts 01810, as its "Global Office (U.S.A)" and identifies "Advanced R&D" among the functions associated with that location.

16. BEI's co-founder and Chief Technology Officer, David (Youngjin) Yoon, publicly identifies Boston, Massachusetts as the location of his BEI position. Similarly, BEI's Vice President of Development, Kwangchun Kim, publicly identifies North Andover as his location and describes his responsibility at BEI as "Lead Development of Lithium Metal Battery." Last, BEI's Chief Business Development Officer, Jaehee Sweeney, publicly identifies Woburn, Massachusetts, as her location and states that she leads BEI's commercial efforts, including the development of partnerships and expansion of market opportunities for its battery solutions.

17. BEI also solicits customers and business opportunities in the United States through its website, which permits users to select "U.S.A." as their area of inquiry and directs sales inquiries to sales@beilab.ai. *See* https://beilab.ai/contact-us_form/ (last visited Nov. 10, 2026). BEI also publicly states that battery inventory is available in the United States with an approximately two-week lead time. Moreover, in connection with XPONENTIAL 2026 in Detroit, Michigan, BEI announced that it would exhibit its anode-free lithium-metal cell lineup, subsequently reported taking orders onsite, and described multiple sample sales in a post discussing its Maximus UL20A platform.

18. Based on BEI's publicly identified Massachusetts office and the publicly identified Massachusetts locations and responsibilities of its technical and commercial leadership, on

information and belief, BEI conducts and directs lithium-metal battery development and business-development activities from Massachusetts. On information and belief, those activities concern the Accused Products and include directing product development and supporting commercialization through customer and partner relationships. Through these activities, BEI has purposefully availed itself of the privilege of conducting business in Massachusetts.

19. Plaintiff's claims arise out of or relate to BEI's Massachusetts activities involving its development, marketing, sale, and offer for sale of anode-free lithium batteries, including its product-development and commercialization activities described above. In light of BEI's purposeful, claim-related contacts with Massachusetts, the exercise of personal jurisdiction over BEI is reasonable and fair and comports with due process and traditional notions of fair play and substantial justice.

20. Alternatively, to the extent BEI is not subject to personal jurisdiction in the courts of any state, this Court has personal jurisdiction over BEI pursuant to Federal Rule of Civil Procedure 4(k)(2) because: (a) Plaintiff's claims arise under federal law; (b) BEI is a foreign defendant not subject to personal jurisdiction in the courts of any state; and (c) BEI has sufficient contacts with the United States as a whole, including its U.S.-directed commercial activities involving the Accused Products, such that this Court's exercise of personal jurisdiction is consistent with the United States Constitution and laws. Plaintiff's claims arise out of or relate to those U.S.-directed activities.

21. Venue is proper in this District under 28 U.S.C. § 1391(c)(3) because BEI is, on information and belief, a corporation organized under the laws of the Republic of Korea and is not resident in the United States for purposes of that provision. Accordingly, BEI may be sued in any judicial district. *See In re HTC Corp.*, 889 F.3d 1349, 1354–57 (Fed. Cir. 2018).

22. Alternatively, even if BEI were determined to be a U.S.-resident defendant subject to 28 U.S.C. § 1400(b), venue would be proper under that provision because on information and belief, BEI has a regular and established place of business at 40 Shattuck Road, Suite 115, Andover, Massachusetts 01810, and has committed acts of infringement in this District, including product-development and business-development activities involving the Accused Products. BEI publicly holds out the Andover office as its own U.S. business location and, on information and belief, regularly conducts its business from that location.

## THE PATENTS-IN-SUIT

23. The ’415 Patent, entitled “Electrochemical Cell and Method of Making the Same,” issued on February 6, 2018. A true and correct copy of the ’415 Patent is attached as Exhibit A.

24. The ’473 Patent, entitled “Electrochemical Cell and Method of Making the Same,” issued on July 28, 2020. A true and correct copy of the ’473 Patent is attached as Exhibit B.

25. BEI has had knowledge of the Patents-in-Suit since at least the filing of this Complaint, if not earlier.

## THE ACCUSED PRODUCTS

26. The Accused Products presently identified include at least the BEI Maximus UL 17B (also publicly identified as “MUL17B,” the “17B Product”) and BEI Maximus UL 20A (also publicly identified as “MUL20A,” the “20A Product”) (collectively, the “Accused Products”).

27. On information and belief, BEI sells the Accused Products directly to end users in the United States, and also supplies them through third-party vendors that package BEI’s batteries for particular commercial applications and offer for sale and sell the resulting battery products to customers in the United States.

28. Plaintiff's allegations concerning the Accused Products are based on its examination and testing of product samples, publicly available information, and, where indicated, information and belief. Each Accused Product is accused of infringing at least claim 1 of each Patent-in-Suit. Exhibit C addresses the '415 Patent and the 17B Product; Exhibit D addresses the '473 Patent and the 17B Product; Exhibit E addresses the '415 Patent and the 20A Product; and Exhibit F addresses the '473 Patent and the 20A Product. The 17B Product datasheet is attached as Exhibit G, and the 20A Product datasheet is attached as Exhibit H.

**COUNT I – INFRINGEMENT OF THE '415 PATENT**

**(35 U.S.C. § 271)**

29. Plaintiff incorporates the preceding allegations as if fully set forth herein. On information and belief, BEI has directly infringed and continues to directly infringe at least claim 1 of the '415 Patent, without authority, by making, using, offering to sell, and/or selling each of at least its 17B Product and the 20A Product within the United States and/or importing each of those products into the United States, in violation of 35 U.S.C. § 271(a).

30. Each of the Accused Products, including at least the 17B Product and the 20A Product, satisfies each limitation of at least claim 1 of the '415 Patent, literally and/or, to the extent supported by the evidence, under the doctrine of equivalents. Exhibit C addresses the 17B Product, and Exhibit E addresses the 20A Product; each is incorporated herein by reference and sets forth the limitation-by-limitation basis for the allegation against the respective product.

31. Additionally, on information and belief, BEI has induced and is continuing to induce infringement of at least claim 1 of the '415 Patent in violation of 35 U.S.C. § 271(b). For example, with knowledge of the '415 Patent, BEI has and continues to aid, assist, encourage, instruct, and/or direct others, including third-party vendors, to make, use, offer for sale, sell, and/or

import in the United States its Accused Products in battery products for particular commercial applications, with knowledge that these induced acts will result in direct infringement of at least claim 1 of the '415 Patent.

32. Additionally, on information and belief, BEI contributes to and is continuing to contribute to the infringement of at least claim 1 of the '415 Patent in violation of 35 U.S.C. § 271(c) and/or § 271(f). For example, with knowledge of the '415 Patent, BEI has and continued to supply its Accused Products to third party vendors that package these Accused Products for particular commercial applications and make, use, offer for sale, and sell the resulting battery products to customers in the United States. On information and belief, BEI's Accused Products are components that are material to the resulting battery products and are thus material parts of the invention covered by at least claim 1 of the '415 Patent. Additionally, on information and belief, these components are specially made or adapted for use in a battery product covered by at least claim 1 of the '415 Patent and are not a staple article or commodity of commerce suitable for substantial non-infringing use.

33. On information and belief, BEI's infringement of the '415 Patent under 35 U.S.C. §§ 271(a), (b), (c), and/or (f) was, is, and continues to be willful.

34. As a result of BEI's infringement of the '415 Patent, Plaintiff has suffered damages and seeks compensation under 35 U.S.C. § 284 in an amount to be proven at trial, including lost profits to the extent established and, in no event, less than a reasonable royalty for compensable infringement, together with interest and recoverable costs.

35. Unless enjoined, BEI will continue its infringement of the '415 Patent, causing irreparable harm to SES AI's market share, reputation, customer relationships, and goodwill. Plaintiff seeks a permanent injunction under 35 U.S.C. § 283.

**COUNT II – INFRINGEMENT OF THE '473 PATENT**

**(35 U.S.C. § 271)**

36. Plaintiff incorporates the allegations preceding Count I as if fully set forth herein. On information and belief, BEI has directly infringed and continues to directly infringe at least claim 1 of the '473 Patent, without authority, by making, using, offering to sell, and/or selling each of at least the 17B Product and the 20A Product within the United States and/or importing each of those products into the United States, in violation of 35 U.S.C. § 271(a).

37. Each of the 17B Product and the 20A Product satisfies each limitation of at least claim 1 of the '473 Patent, literally and/or, to the extent supported by the evidence, under the doctrine of equivalents. Exhibit D addresses the 17B Product, and Exhibit F addresses the 20A Product; each is incorporated herein by reference and sets forth the limitation-by-limitation basis for the allegation against the respective product.

38. Additionally, on information and belief, BEI has induced and is continuing to induce infringement of at least claim 1 of the '473 Patent in violation of 35 U.S.C. § 271(b). For example, with knowledge of the '473 Patent, BEI has and continues to aid, assist, encourage, instruct, and/or direct others, including third-party vendors, to make, use, offer for sale, sell, and/or import in the United States its Accused Products in battery products for particular commercial applications, with knowledge that these induced acts will result in direct infringement of at least claim 1 of the '473 Patent.

39. Additionally, on information and belief, BEI contributes to and is continuing to contribute to the infringement of at least claim 1 of the '473 Patent in violation of 35 U.S.C. § 271(c) and/or § 271(f). For example, with knowledge of the '473 Patent, BEI has and continued to supply its Accused Products to third party vendors that package these Accused Products for

particular commercial applications and make, use, offer for sale, and sell the resulting battery products to customers in the United States. On information and belief, BEI's Accused Products are components that are material to the resulting battery products and are thus material parts of the invention covered by at least claim 1 of the '473 Patent. Additionally, on information and belief, these components are specially made or adapted for use in a battery product covered by at least claim 1 of the '473 Patent and are not a staple article or commodity of commerce suitable for substantial non-infringing use.

40. On information and belief, BEI's infringement of the '473 Patent under 35 U.S.C. §§ 271(a), (b), (c), and/or (f) was, is, and continues to be willful.

41. As a result of BEI's infringement of the '473 Patent, Plaintiff has suffered damages and seeks compensation under 35 U.S.C. § 284 in an amount to be proven at trial, including lost profits to the extent established and, in no event, less than a reasonable royalty for compensable infringement, together with interest and recoverable costs.

42. Unless enjoined, BEI will continue its infringement of the '473 Patent, causing irreparable harm to SES AI's market share, reputation, customer relationships, and goodwill. Plaintiff seeks a permanent injunction under 35 U.S.C. § 283.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendant, to the extent of Plaintiff's established rights, and grant the following relief:

A. A judgment that Defendant has infringed, literally and/or under the doctrine of equivalents, each Patent-in-Suit;

B. An order and judgment, pursuant to 35 U.S.C. § 283, permanently enjoining Defendant, and its officers, directors, agents, servants, employees, affiliates,

successors, and assigns, and all persons acting in concert with any of them, from further acts of infringement of each Patent-in-Suit, including the manufacture, use, importation, sale, and offer for sale of the Accused Products;

C. A judgment finding that BEI's infringement of the '415 and '473 Patents was deliberate and willful and an award of enhanced damages pursuant to 35 U.S.C. § 284;

D. An award of damages, costs, expenses, pre-judgment interest and post-judgment interest as to the infringement of each Patent-in-Suit pursuant to 35 U.S.C. § 284;

E. A judgment that this is an exceptional case and that Plaintiff be awarded its attorneys' fees incurred in this action pursuant to 35 U.S.C. § 285; and

F. An award of costs and expenses incurred in this action; and

G. Such other and further relief as the Court deems just and proper or as may be appropriate.

**<u>JURY TRIAL DEMAND</u>**

43. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury on all issues so triable.

Dated: November 18, 2026

Respectfully Submitted,
<u>/s/ *Jenny J. Zhang*</u>

Yar R. Chaikovsky (*pro hac vice* forthcoming)
David Okano (*pro hac vice* forthcoming)
Jingyuan Luo (*pro hac vice* forthcoming)
WHITE & CASE LLP
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, California 94306
(650) 213-0300
yar.chaikovsky@whitecase.com
david.okano@whitecase.com
jingyuan.luo@whitecase.com

Michael J. Songer (*pro hac vice* forthcoming)
Jenny Jing Zhang (BBO # 689838)
Hejir Rashidzadeh (*pro hac vice* forthcoming)
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, District of Columbia 20005
(202) 626-3600
michael.songer@whitecase.com
jenny.j.zhang@whitecase.com

hejir.rashidzadeh@whitecase.com

Yu-Ting Chen (BBO # 717939, admission pending)
WHITE & CASE LLP
75 State Street
Boston, Massachusetts 02109
United States
(617) 979-9300
yu-ting.chen@whitecase.com

*Attorneys for Plaintiff SES AI Corporation*